## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ROBYN CAGLE,                              )
as primary beneficiary of the            )
Structured Settlement Annuity of         )
SHAVON R. NORRIS,                        )
                                         )
              Plaintiff,                 )
                                         )
v.                                       )          No. CIV-07-0029-D
                                         )
THE JAMES STREET GROUP, et al.,          )
                                         )
              Defendants.                )

## <u>ORDER</u>

Before the Court is the Motion for Partial Summary Judgment [Doc. No. 119] of Defendant Massachusetts Mutual Life Insurance Company ("MassMutual").  MassMutual seeks the Court's ruling that, as a matter of law, it is entitled to interpleader relief in this action.   Pursuant to the Court's May 5, 2009 Order [Doc. No. 334], MassMutual has filed a supplemental brief; Plaintiff timely responded.

<u>I. Background:</u>

In this lawsuit, Plaintiff seeks a declaratory judgment that she is entitled to recover the proceeds of an annuity policy issued by MassMutual.  As explained in detail in the Court's April 23, 2009 Order [Doc. No. 329], the annuity represented a part of the proceeds of funds paid to Shavon R. Norris ("Norris") by Wyeth Corporation ("Wyeth") in settlement of a lawsuit.[1]  It is not disputed that Norris decided to utilize part of the settlement proceeds to purchase an annuity and that she

---

[1]Norris was represented in litigation against Wyeth by Clayton Clark, the law firm of Clark, Depew & Tracy, Ltd., L. L. P., and Shelley V. Hutson and the Hutson Law Firm (the "Lawyer Defendants"), who were also named as defendants in this lawsuit.

utilized the services of The James Street Group ("TJSG") in reviewing and selecting an annuity for that purpose.  At Norris's request, TJSG obtained material from several companies, and Norris selected a MassMutual annuity.[2]  It is also not disputed that, at Norris's request, Wyeth distributed to MassMutual the sum of $3 million for the purpose of establishing an annuity for Norris.[3] The parties also do not dispute that Norris executed a beneficiary designation in which Plaintiff was named the only beneficiary of the annuity and that the same was timely submitted to TJSG, which forwarded it to MassMutual.

It is undisputed that, on August 10, 2006, Wyeth distributed $3 million  to MassMutual as a single-payment premium for the annuity policy.    Pursuant to the terms of the annuity, Norris was to receive monthly annuity payments.  After two payments were distributed, however, Norris died. Following her death, Plaintiff sought the proceeds as the sole beneficiary; however, MassMutual suspended payments.   According to the record, it did so because, prior to Norris's death, she and Wyeth had not executed a Settlement Agreement Addendum and a Qualified Assignment (the "Addendum and Assignment").

Plaintiff filed a motion for partial summary judgment on her declaratory judgment claim, seeking a ruling that the annuity was valid and enforceable at the time of Norris's death and that Plaintiff, as the sole named beneficiary, is entitled to the proceeds.  Catherine Garland, as Administrator of the Estate of Norris ("Garland"),  also sought summary judgment, arguing that no

---

[2]TJSG assisted Norris in securing an annuity for a portion of the total settlement proceeds Norris received from Wyeth.  TJSG was paid a commission by MassMutual for its role in securing the annuity.  The Lawyer Defendants also received a portion of the settlement proceeds as payment for their legal services pursuant to a contingency agreement with Norris.

[3]The parties do not dispute that the balance of the settlement proceeds were also distributed by Wyeth according to Norris's directions.

2

valid annuity had been created and that, as a result, Norris's estate was entitled to the annuity proceeds. The other defendants also filed briefs in response to these motions, and separately filed motions for summary judgment on the claims asserted against them. Garland subsequently sought to assert a claim against Plaintiff based on fraud and undue influence, arguing that Plaintiff had fraudulently or improperly induced Norris into naming Plaintiff as sole beneficiary or in preventing her from later naming Garland and Norris's stepsisters as additional beneficiaries.[4]

In an April 23, 2009 Order, the Court partially granted Plaintiff's summary judgment motion and denied Garland's motion. The Court's Order [Doc. No. 329] held that the execution of the Addendum and Assignment was not a condition precedent to the formation of a valid annuity, and the annuity was valid and enforceable prior to Norris's death.

Because the Court anticipated that its grant of partial summary judgment in favor of Plaintiff could impact her remaining claims and the other pending summary judgment motions, the Court discussed the same at a May 5, 2009 status conference. At the conference, Plaintiff advised that she intended to pursue her claims against all defendants; the Court then authorized all parties to supplement their summary judgment briefs to discuss the impact, if any, of the Court's April 23 ruling.

In its motion for partial summary judgment, MassMutual argues that, as a matter of law, it is entitled to interpleader relief. According to MassMutual, its right to such relief is not impacted by the Court's determination that the annuity was valid and enforceable prior to Norris's death. It also contends that, as a stakeholder in an interpleader action, it is entitled to recover its reasonable attorney fees from the fund at issue. Plaintiff contends that MassMutual is not entitled to

---

[4]Garland's motion to amend her pleading is still pending.

interpleader relief because it does not occupy the position of an innocent stakeholder; instead, it took a position directly adverse to Plaintiff with regard to her claim to the annuity. Plaintiff also argues that, even if interpleader relief is deemed appropriate, MassMutual is not entitled to attorney fees and costs. Furthermore, Plaintiff contends that MassMutual cannot be dismissed from this action because she has asserted direct claims against it.

II. Summary judgment standard:

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To dispute a material fact, a plaintiff must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for the plaintiff. *Id.* The facts and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

III. Application:

As a general rule, an interpleader claim is appropriate where a party is facing possible multiple claims to a limited fund under its control; the procedure permits the potential claims to be resolved in a single proceeding. Fed. R. Civ. P. 22(1); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1704, at 540 (3d ed. 2001)("Wright & Miller"). Interpleader allows a stakeholder who "admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] ... to file suit, deposit the property with the court, and withdraw from the proceedings." *Prudential Ins. Co. of America v. Hovis,* 553 F.3d 258, 262 (3d Cir. 2009)

(quoting *Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir.2007)). The result is that "[t]he competing claimants are left to litigate between themselves," while the stakeholder is discharged from any further liability with respect to the subject of the dispute. *Metro Life*, 501 F. 3d at 275. The availability of interpleader relief does not depend on the merits of the potential claims against the stakeholder in relation to the stake. *William Penn Life Ins. Co. v. Viscuso*, 569 F.Supp. 2d 355, 359 (S. D. N. Y. 2008).

The typical interpleader action proceeds in two distinct stages. *Prudential Ins.*, 553 F.3d at 262 (citing *NYLife Distribs., Inc. v. The Adherence Group, Inc*., 72 F.3d 371, 375 (3d Cir.1995)). During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. *Id*.; *United States v. High Tech. Prods., Inc*., 497 F.3d 637, 641-42 (6th Cir.2007); 7 Wright & Miller § 1714, at 624. During the second stage, the court determines the respective rights of the claimants to the fund. 7 Wright & Miller § 1714, at 628.

MassMutual's motion involves only the initial stage, as it seeks the Court's judgment that it has properly brought an interpleader action. There is no established procedure for conducting the first stage of an interpleader action, and it may properly be adjudicated in a motion for summary judgment. *See* 7 Wright & Miller § 1714, at 626.

The "primary test" for determining the propriety of an interpleader action is whether the stakeholder legitimately fears multiple litigation directed at a single fund. 7 Wright & Miller § 1704, at 542. "The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied." *Id.* MassMutual argues that those requirements have been met because the annuity represents a single fund and both Plaintiff and Garland claim entitlement to the annuity payments

5

after the death of Norris.[5]  MassMutual argues that the existence of competing claims has not been impacted by the Court's ruling that a valid and enforceable annuity existed prior to Norris's death; as it points out, the Court has not yet determined that Plaintiff is entitled to the annuity payments because Garland's potential claim could impact that determination.   It contends that, because Plaintiff and Garland asserted competing claims to the annuity funds held by MassMutual, it may properly seek interpleader relief.

Plaintiff argues that MassMutual is not entitled to summary judgment because it cannot establish the elements required for interpleader relief.  Plaintiff contends that MassMutual is not entitled to interpleader relief because it is not an innocent stakeholder; she argues that MassMutual's own actions caused the filing of this lawsuit; furthermore, it is not a neutral stakeholder because it has disputed the validity of her claim as beneficiary of the annuity.

"It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader."  *Farmers Irrigating Ditch & Reservoir Co. v. Kane*,  845 F.2d 229, 232 (10th Cir. 1988) (citations omitted).  Thus, a party is not entitled to the remedy of interpleader "if the hazard which he seeks to avoid has been occasioned by his own act."  *United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978).

The Court concludes that the facts of this case do not preclude interpleader relief on this basis.   Plaintiff's argument is based on the contention that, if MassMutual had made annuity payments to her as Norris's only beneficiary, she would not have been required to file this lawsuit

---

[5]MassMutual also initially argued that, if the Court determined the annuity was never formed, then Wyeth would also have a claim to the funds which it paid to MassMutual as the single-payment premium for the annuity; that argument has been rendered moot because the Court has held that the annuity was valid and enforceable prior to Norris's death.

to assert her rights to the annuity.  However, its doing so would not have avoided a competing claim by Garland.  The Court cannot conclude that Garland's competing claim to the annuity fund was caused by MassMutual's action or inaction, and interpleader relief is not precluded on that basis. *See Prudential Ins.*553 F. 3d at 263-64 (insurer's failure to pay proceeds to one claimant before it received a competing claim did not bar interpleader relief).

Notwithstanding that determination, the record establishes that MassMutual did not take a neutral position in this lawsuit regarding Plaintiff's claim to the fund.  In fact, it expressly argued that the annuity was not issued prior to Norris's death.     The Court concludes that, rather than precluding interpleader relief, MassMutual's conduct in this regard is more properly considered in the context of its claim for attorney fees and Plaintiff's other claims against it, as discussed below.

Plaintiff also contends that interpleader relief is improper because MassMutual cannot be dismissed from this action merely because it deposits into Court the annuity payments.  As Plaintiff points out, she asserts additional claims against MassMutual, alleging that it is liable to her for negligence and/or a breach of contract.  However, MassMutual's potential liability to Plaintiff does not bar its interpleader claim. *William Penn*, 569 F.Supp. 2d at 361.  Interpleader is not barred even if "claims against the stakeholder potentially exceed the value of the interpleaded fund." *Id.* (citing *Ashton v. Josephine Bay Paul & C. Michael Paul Foundation, Inc.*, 918 F.2d 1065, 1069 (2d Cir. 1990).  Where there are multiple claims to the interpleader fund as well as claims against the stakeholder, interpleader is proper, as the action may proceed on the latter claims. *Wayzata Bank & Trust Co. v. A & B Farms*, 855 F.2d 590, 593 (8th Cir. 1988).

In this case, MassMutual acknowledges that Plaintiff has asserted direct claims against it, and it expressly does not seek summary judgment on those claims.  The Court agrees that those

claims remain to be litigated, and MassMutual's request for interpleader relief as to the annuity fund is not precluded simply because additional claims are asserted against MassMutual by Plaintiff.

Thus, having considered the circumstances, the Court concludes that MassMutual's interpleader action is proper and that it is entitled to judgment on that limited issue. Whether Plaintiff is entitled to the annuity fund as beneficiary remains to be determined, and is in part dependent on the Court's ruling regarding Garland's potential claim of fraud or undue influence. In addition, Plaintiff's claims against MassMutual remain at issue.

To the extent that MassMutual seeks the Court's determination that it is entitled to recover attorney fees  in connection with its interpleader claim, however, the Court concludes that factual issues preclude a ruling on that issue at this time.  Although a court may award attorney fees and costs to a prevailing stakeholder in an interpleader action, the award of fees "is an equitable matter that lies within the discretion of the trial court." *Transamerica Premier Ins. Co. v. Growney*, 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995)(unpublished opinion).  Fees are normally awarded to an interpleader plaintiff who "(1) is 'disinterested' (*i.e.*, does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge, and 'who is [not] in some way culpable as regards the subject mater of the interpleader proceeding.'" *Id.* (quoting *United Bank of Denver, Nat'l Ass'n v. Oxford Properties, Inc.*, 683 F. Supp. 755, 756-57 (D. Colo. 1988)).

"A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action...whenever it is fair and equitable to do so."  Wright & Miller § 1719 (3d ed. 2001).   Because such costs and fees are payable from the fund at issue, however, they are not allowed as a matter of course; "[t]ypically they are available only when the party initiating the

interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Id.*   Fees are not available, however, in all circumstances:

> [I]f there is a substantial controversy between the interpleading party and others, or if the stakeholder desires further protection from the court in exonerating it from possible liability, an allowance may be denied.

Wright & Miller § 1719 (3d. ed. 2001).

In this case, the Court concludes that a decision regarding the propriety of awarding fees in connection with the interpleader action is premature.   Plaintiff continues to assert claims against MassMutual which allege that it engaged in wrongdoing regarding the annuity.   Because those claims remain to be adjudicated and are subject to factual disputes, the Court will not rule on the attorney fee issue at this time.   Accordingly, to the extent MassMutual seeks an award of fees at this time or a ruling on the propriety of such an award, its motion is denied.

## IV.  Conclusion:

In accordance with the foregoing, the Court concludes that MassMutual's partial summary judgment motion [Doc. No. 119] should be, and is, GRANTED to the extent that it seeks a ruling that interpleader is properly asserted in these circumstances.   To the extent that the motion seeks a ruling that MassMutual is entitled to recover attorney fees from the interpleader fund, the motion is DENIED.   Furthermore, because other claims remain pending against MassMutual, it is not dismissed as a party.

MassMutual is authorized and directed to pay into Court the total amount of the withheld annuity payments, including interest accrued to date, into Court.     The fund will remain in an interest-bearing account pursuant to the procedures of the Court Clerk until such time as the Court

determines whether Plaintiff is the proper beneficiary of the annuity fund.  As future payments are due, those amounts shall be paid into Court.  The Court will issue further instructions regarding the disposition of the annuity fund as appropriate in light of future proceedings.

IT IS SO ORDERED this  23rd  day of July, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE